UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>and the STATE OF INDIANA,<br>*ex rel.* THOMAS P. FISCHER | )<br>)<br>)<br>) | |
| Plaintiffs/Relator, | )<br>) | |
| v. | )<br>) | Cause No. 1:14-cv-1215-RLY-DLP |
| COMMUNITY HEALTH NETWORK, INC.,<br>COMMUNITY HEALTH NETWORK<br>FOUNDATION, INC., COMMUNITY<br>PHYSICIANS OF INDIANA, INC.,<br>VISIONARY ENTERPRISES, INC.,<br>COMMUNITY SURGERY CENTER-NORTH,<br>COMMUNITY SURGERY CENTER-SOUTH,<br>COMMUNITY SURGERY CENTER-EAST,<br>COMMUNITY SURGERY CENTER-<br>HAMILTON, COMMUNITY SURGERY<br>CENTER-KOKOMO, COMMUNITY SURGERY<br>CENTER-NORTHWEST, HANCOCK SURGERY<br>CENTER, COMMUNITY ENDOSCOPY<br>CENTER, and COMMUNITY DIGESTIVE<br>CENTER, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

## MOTION TO MAINTAIN DOCUMENTS UNDER SEAL

As required by S.D. Ind. Local Rule 5-11(d), Non-Party SullivanCotter, Inc.

("SullivanCotter"), by counsel, respectfully files this motion to maintain under seal

SullivanCotter's Response to the United States' Motion to Compel Production of Documents

(the "Response") and the Exhibits thereto. The unredacted Response and Exhibits were filed

under seal on November 9, 2021.

Pursuant to S.D. Ind. Local Rule 5-11(d) and (e), SullivanCotter states as follows:

1

1. On June 8, 2021, the Court entered a protective order in this case that provides for the designation and handling of certain information as "Confidential." [DE 214].

2. Plaintiff United States of America filed its Motion to Compel and Exhibits thereto under seal on October 26, 2021. [DE 241].

3. SullivanCotter filed its Response to the United States' Motion to Compel on November 9, 2021. The Response recites information from the United States' Motion and the exhibits thereto, all of which were filed under seal.

4. Defendant Community Health Network, Inc. ("CHN") has designated Exhibits L, M, and N to the United States' Motion as "Confidential." The Response recites some of the information contained in the United States' Motion as well as information in those Exhibits to the Motion that CHN has designated as "Confidential."

5. In addition, Exhibits 10 and 14 to SullivanCotter's Response contain documents that CHN has designated "Confidential." The Response recites some of the information contained in Exhibits 10 and 14 that CHN has designated as "Confidential."

6. While Non-Party SullivanCotter is not the designating party for these materials, to comply with S.D. Ind. Local Rule 5-11(d)(2), SullivanCotter has filed the Response and Exhibits under seal.

7. In addition, Exhibits 1, 10 and 13 to SullivanCotter's Response contain SullivanCotter's confidential and private information, including documents that SullivanCotter has designated as "Confidential" pursuant to the protective order in this matter. SullivanCotter's Response recites some of the information that

SullivanCotter has designated as "Confidential." Less restrictive means, such as redaction, will not afford adequate protection to non-party SullivanCotter because the Exhibits, in their entirety, recite confidential information, and SullivanCotter's Response recites and references such confidential information.

8. Exhibit 1 is a declaration of SullivanCotter's President and Chief Executive Officer that recites confidential and private information about SullivanCotter's business and practices.

9. Exhibit 10 contains documents, including correspondence with CHN, produced by SullivanCotter in this matter that SullivanCotter has designated "Confidential."

10. Exhibit 13 is a copy of SullivanCotter's confidential document retention policy that SullivanCotter has produced in this matter and which SullivanCotter has designated as "Confidential."

11. Applicable authority provides good cause to support this motion. *See* S.D. Ind. L.R. 5-11(e)(B), (C). Courts recognize limited matters subject to seal, which includes confidential commercial and business information. *See United States v. Sanford-Brown, Ltd.*, 788 F.3d 696, 712 (7th Cir. 2015); Fed. R. Civ. P. 26(c)(1)(G). Sealing is especially appropriate where, as here, the sensitive information at issue belongs at least in part to a non-party. *Gilday v. Kenra, Ltd.*, No. 1:09-CV-229-TWP-TAB, 2010 WL 3928593, at *5 (S.D. Ind. Oct. 4, 2010) ("The salary information in this case belongs to nonparties, who cannot be said to have put their private information at issue by availing themselves of the courts. Under these circumstances, protection of . . . sensitive nonparty information is appropriate under Seventh Circuit precedent."); *see also Plair v. E.J. Brach &*

*Sons, Inc.*, 1996 U.S. Dist. LEXIS 1728 (N.D. Ill. Feb. 15, 1996) (sealing non-party employees' disciplinary records but not plaintiff's disciplinary records). SullivanCotter is a non-party, and has not put its private information "at issue" and has not "avail[ed]" itself of the courts in this matter. *See Gilday*, 2010 WL 3928593 at *5. Therefore, good cause exists to maintain the Response and Exhibits thereto under seal.

12. SullivanCotter has served unredacted and complete versions of the Response and Exhibits on counsel of record in accordance with S.D. Ind. Local Rule 5-11(d)(2)(B).

WHEREFORE, Non-Party SullivanCotter respectfully moves the Court to maintain under seal the Response and Exhibits pursuant to S.D. Ind. Local Rule 5-11(d) and (e).

November 9, 2021

Respectfully submitted,

SullivanCotter, Inc.,
*Non-Party*

By: */s/ George E. Horn, Jr.*
     One of Its Attorneys

George E. Horn, Jr. (No. 11721-71)
BARNES & THORNBURG LLP
201 South Main Street, Suite 400
South Bend, IN 46601
(574) 237-1138
george.horn@btlaw.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, certifies that on November 9, 2021, the foregoing document was filed via the U.S. Court for the Southern District of Indiana CM/ECF electronic document filing system, which will serve notice thereof upon the attorneys of record.

/s/ *George E. Horn, Jr.*
