UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> STATE OF INDIANA, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> COMMUNITY HEALTH NETWORK, INC., ) <br> *et al.*, ) <br> ) <br> Defendants. ) <br> ──────────────────────── ) <br> ) <br> THOMAS P. FISCHER, ) <br> ) <br> Relator. ) | No. 1:14-cv-01215-RLY-DLP |

**ORDER**

This matter comes before the Court on the Relator Thomas Fischer's Motion to Compel Discovery Responses to Interrogatory Nos. 21 and 22, Dkt. [347]. The motion was referred to the Undersigned and, for the reasons that follow, is hereby **GRANTED**.

**I.  Background**

Relator, Thomas Fischer, filed a *qui tam* complaint on July 21, 2014, alleging that the Defendants had violated the False Claims Act and the Indiana False Claims and Whistleblower Protection Act. (Dkts. 1, 32). On August 7, 2019, the United States elected to intervene in part and declined to intervene in part. (Dkt. 86). The State of Indiana declined to intervene on December 23, 2019. (Dkt. 94). The

United States' Complaint in Intervention, against only Defendant Community Health Network, Inc. ("CHN"), was filed on January 6, 2020. (Dkt. 96). On December 2, 2020, Relator filed his Second Amended Complaint against all Defendants. (Dkt. 134). The Relator served discovery requests on CHN in April 2021, and, after various meet and confer and discovery conferences, the Relator, with the Court's permission, filed the present Motion to Compel on April 26, 2022. (Dkt. 347). CHN filed a response brief on May 10, 2022 and the Relator filed a reply on May 17, 2022. (Dkts. 357, 367).

## II.  Legal Standard

Discovery is a mechanism to avoid surprise, disclose the nature of the controversy, narrow the contested issues, and provide the parties a means by which to prepare for trial. 8 Wright & Miller, *Federal Practice and Procedure* § 2001, at 44-45 (2d ed. 1994). To effectuate these purposes, the federal discovery rules are liberally construed. *Spier v. Home Ins. Co.*, 404 F.2d 896 (7th Cir. 1968); *see also* 8 Wright & Miller, *Federal Practice and Procedure* § 2001, at 44 (2d ed. 1994). Rule 26 of the Federal Rules of Civil Procedure permits the discovery of nonprivileged matter "that is relevant" to a party's claim or defense and "proportional" to the needs of a case. *See* Rule 26(b)(1).

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses. Fed. R. Civ. P. 37(a)(2)-(3). The party opposing a motion to compel has the burden to show the discovery requests are improper and to explain *precisely* why its objections or

2

responses are proper given the broad and liberal construction of the federal discovery rules. *In re Aircrash Disaster Near Roselawn, Inc. Oct. 31, 1994*, 172 F.R.D. 295, 307 (N.D. Ill. 1997); *Cunningham v. Smithkline Beecham*, 255 F.R.D 474, 478 (N.D. Ind. 2009). Magistrate judges enjoy extremely broad discretion in controlling discovery. *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013).

### III. Discussion

On April 16, 2021, the Relator served his First Set of Interrogatories on Defendant Community Health Network, Inc. ("CHN"). (Dkt. 347-2). Interrogatory No. 21 states:

> Set forth with particularity, all payments made to and received from and all serviced performed by or for, each physician, provider or entity identified in Attachments A and B, since January 1, 2008, including, for each payment:
>
> a. Payment Date;
> b. Amounts paid;
> c. Recipient;
> d. Entity making payment;
> e. The contract and paragraph pursuant to which the payment was made;
> f. How the amount was calculated, including the formula used and factual inputs.
> g. If not covered by item (f), above, the number and/or amount of services provided (by hour of work, by wRVU, by salary paid to employees performing management services, or other unit/measure of service) by the recipient in exchange for the payment, including the precise services provided by each person and how those services were documented, memorialized, tracked and reported internally and/or to external entities.

(Dkt. 347-2 at 11).

Interrogatory No. 22 states:

> Set forth with particularity, for each payment identified in response to Interrogatory No. 21, whether You assessed if it was Fair Market Value as that term is used in the Anti-Kickback Statute and/or Stark Law, who made

3

and participated in the assessment(s), how you assessed (the method used) and what the results and conclusions were. Identify all documents related to this Answer.

(Dkt. 347-2 at 11-12).

CHN first answered Interrogatory Nos. 21 and 22 on June 28, 2021, objecting because the requests were overly broad, unduly burdensome, and not proportional to the needs of the case, and produced no substantive response. (Dkt. 347-3 at 24-26). The parties met and conferred multiple times between April 2021 and December 2021. At the December 16, 2021 status conference, CHN's counsel agreed to supplement its responses to Interrogatory Nos. 21 and 22 by January 31, 2022. (Dkt. 303 at 20). On January 31, 2022, CHN served its Objections and Supplemental Answers to Interrogatory Nos. 21 and 22. (Dkt. 347-6). As to Interrogatory No. 21, CHN included the same objections and, pursuant to Federal Rule of Civil Procedure 33(d), referred the Relator to a "chart attached as Exhibit A and the documents referenced therein." (Dkt. 347-6 at 3). The chart in Exhibit A states 63 times that CHN is continuing to search for relevant documents. (Dkt. 437-1). As to Interrogatory No. 22, CHN included the same objections, and referred the Relator to various Bates numbers pursuant to Rule 33(d). (Dkt. 347-6 at 4-8).

At the March 3, 2022 status conference, the Relator indicated to the Court that the documents referenced in Exhibit A still needed to be produced and CHN needed to definitively state whether its responses would be supplemented – due to these issues, the Relator requested and the Court thus scheduled a discovery

conference for April 12, 2022 to discuss Interrogatory Nos. 21 and 22[1]. (Dkt. 324). The Court discussed these interrogatories at the April 12, 2022 discovery conference and, at the conclusion of the conference, permitted the Relator to file the present Motion to Compel. (Dkt. 332). The Relator maintains that CHN has not produced any additional documents or supplemented its responses. (Dkt. 351 at 7).

The Relator primarily argues that CHN failed to adequately comply with the requirements of Rule 33(d) when responding to Interrogatory Nos. 21 and 22. Rule 33(d) states: [i]f the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:

> (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
>
> (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Fed. R. Civ. P. 33(d). Although a party answering interrogatories may take advantage of Rule 33(d), "the burden of deriving or ascertaining the answer must be substantially equivalent and there must be a sufficiently detailed specification of

---

[1] At a February 1, 2022 discovery conference, the Court considered the related issue of the sufficiency of CHN's reference to Rule 33(d) in response to the USA's discovery requests. The Court ultimately, at the May 13, 2022 discovery conference, found that CHN had failed to comply with Rule 33(d) because it "remain[ed] unclear whether the answers to Interrogatories 3-5 could be obtained from the documents produced and the burden of ascertaining the answer was not the same for both parties." (Dkt. 364).

the records to permit the interrogating party to find the document as readily as can the party served. These are not optional requirements." *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 325-26 (N.D. Ill. 2005). The advisory committee notes to Rule 33 state that "[a] respondent may not impose on an interrogating party a mass of records as to which research is feasible only for one familiar with the records." Fed. R. Civ. P. 33 advisory committee's note regarding subdivision (c) to the 1970 amendment. The advisory committee reemphasized this in its notes to the 1980 amendment of the Rule, stating:

> The Committee is advised that parties upon whom interrogatories are served have occasionally responded by directing the interrogating party to a mass of business records or by offering to make all of their records available, justifying the response by the option provided by this subdivision. Such practices are an abuse of the option . . . . The final sentence is added to make it clear that a responding party has the duty to specify, by category and location, the records from which answers to interrogatories can be derived.

Fed. R. Civ. P. 33 advisory committee's note regarding subdivision (c) to the 1980 amendment. When a party relies on Rule 33(d) instead of answering interrogatories, it is the moving party's burden of persuasion to show that Rule 33(d) disclosures are "somehow inadequate to the task of answering the discovery, whether because the information is not fully contained in the documents, is too difficult to extract, or other such reasons." *Bell v. Woodward Governor Co.*, No. 03 C 50190, 2005 WL 289963, at *2 (N.D. Ill. Feb. 7, 2005) (internal citation omitted). If the moving party persuades the court, the burden shifts to the producing party to justify the use of business records in lieu of answers. *Id.*

Here, the Relator argues that CHN has failed to meet the requirements of Rule 33(d) because the answers to the Interrogatories cannot be determined from the documents and the burden of deriving the answer is not substantially the same for either party. (Dkt. 351 at 11-27).

    a. *Information Readily Obtainable from Documents*

First, the Relator argues that CHN did not properly invoke Rule 33(d) because it did not adequately specify how to locate the requested information in the documents provided. (Dkt. 351 at 13-24). Moreover, Relator maintains, even if Rule 33(d) was properly invoked procedurally, the answers cannot be found in the documents that CHN produced. (Dkt. 351 at 25-27).

At the April 12, 2022 discovery conference and in the briefing to the present motion, the Relator asserted that CHN's attempt to use Rule 33(d) was improper because for each of the 74 physicians identified, CHN had provided five different types of forms, contracts, reports, spreadsheets, and workbooks, from which the Relator was to try to piece together how much and how the physicians were paid. (Dkt. 336 at 10). For example, the Relator walked through the records related to a physician named in the complaint, and showed how CHN provided seventeen pages of Bates numbers, with no further information or instructions on how those documents answer the specific interrogatories asked. Moreover, the Relator also demonstrated how various documents reflected different numbers for the physician's compensation, with no explanation as to the differing amounts. (Dkt. 336 at 8-9, 12-15).

Next, as the Relator points out, "the option to produce business records is only available for interrogatories whose answer 'may be derived from the party's records, but many questions are not of that sort.'" *Kadambi v. Express Scripts, Inc.*, No. 1:13-CV-321-JD-SLC, 2015 WL 10985383, at *4 (N.D. Ind. July 14, 2015) (quoting 8B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2178 (3d ed.) (noting that "if a question calls for the recollections of parties or their employees or agents, the fact that some pertinent data might also be found in the records would not warrant use of this option"). Portions of Interrogatory Nos. 21 and 22 request information about how the particular metrics were calculated and applied to various physicians' compensation and who made those decisions and calculations, and these types of questions cannot be answered easily by referencing numbers in a spreadsheet.

Just as the Court found with respect to CHN's responses to the USA's discovery requests, it is not clear that the information requested can actually be obtained from the documents provided here. (Dkt. 364 at 5-6). Perhaps more importantly, the Relator put forth credible examples demonstrating the difficulty of discerning any answers from the information that CHN produced, which makes the Court further question whether CHN has sufficiently answered the interrogatories. *See Vukadinovich v. Griffith Pub. Sch.*, No. 2:02 CV 472, 2008 WL 5141388, at *8 (N.D. Ind. Dec. 5, 2008) (33(d) reference to policy was insufficient because it did not allow receiver to adequately locate and identify the document); *Magarl, L.L.C. v. Crane Co.*, No. 1:03-cv-01255-JDT-TW, 2004 WL 2750252, at *4 (S.D. Ind. Sept. 29,

8

2004) (33(d) answers insufficient where interrogatories asked for identification of particular items of information and individuals and it was unclear whether that information was obtainable from documents referenced); *compare with Outzen v. Kapsch Trafficcom USA, Inc.*, No. 1:20-cv-01286-TWP-MJD, 2022 WL 2079041, at *4 (S.D. Ind. June 9, 2022) (33(d) reference proper where receiving party did not demonstrate that the answers were not obtainable from documents). The Relator's first argument is further supported by its argument regarding burden, as will be discussed next.

    b. *Burden*

The Relator maintains that the burden for CHN to ascertain the answers within the referenced documents is much lower than the burden for the Relator. (Dkt. 351 at 13-17). Specifically, the Relator argues that CHN has access to its own personnel to interpret the information provided and identify sources for any missing information, along with access to the databases and networks from which the information was obtained. (Id.).

As this Court previously noted with respect to CHN's response to the USA's similar interrogatories:

> While CHN provided the United States with a spreadsheet in response to the Interrogatories at issue, the United States does not have access to CHN employees who would be more intimately familiar with this information and able to interpret how exactly the information in the spreadsheets respond to the interrogatories posed. This is especially important given the fact that most of the information in CHN's spreadsheets is merely numerical – there seems to be little to no explanation of how these numbers are calculated or who conducted those calculations (which is the question that the interrogatories specifically ask).

9

(Dkt. 364 at 5). The same analysis holds true here. Although CHN did provide an extensive spreadsheet and referenced multiple Bates numbers for the various physicians at issue, the Relator has no access to the employees who can make sense of these hundreds of thousands of pages of documents. Perhaps more importantly, these are not simple business records like solitary issue spreadsheets or tax returns, where both parties can navigate the information in the same manner and with a similar level of difficulty – instead, there are different forms for different documents, years, and doctors, along with numerous contradictions and uncertainties contained within those same documents. (Dkt. 351 at 17-19).

As it stands, the Relator served Interrogatories on CHN in April 2021, approximately 18 months ago, and CHN still stands behind answers that are largely inadequate and state that it is continuing to search its records. The Relator has put forth significant evidence to meet its burden of showing that the documents CHN provided are insufficient to the task of answering the interrogatories at hand. In response, CHN provided no particular justification for its use of Rule 33(d) beyond arguing that the answers are obtainable and the burden on the parties is similar, an argument that the Court has already rejected. With that said, the Court concludes that CHN has failed to meet the two "mandatory" requirements of Rule 33(d) and CHN's invocation of said rule is thus deficient. The Court is confident that enough discovery has taken place to enable CHN to more adequately and completely respond to the Relator's discovery requests. As such, CHN shall provide complete, narrative answers to Interrogatory Nos. 21 and 22, without reference to documents, no later

than December 28, 2022. If CHN lacks the knowledge or information to answer a particular interrogatory or subpart, CHN must state as such.

## IV. Conclusion

For the reasons stated herein, the Relator Thomas Fischer's Motion to Compel Discovery Responses to Interrogatory Nos. 21 and 22, Dkt. [347], is hereby **GRANTED**. No later than December 28, 2022, CHN shall provide complete, narrative answers to Relator's Interrogatory Nos. 21 and 22, without reference to documents. If CHN lacks the knowledge or information to answer a particular interrogatory or subpart, CHN must state as such.

So ORDERED.

Date: 11/29/2022

*Doris L. Pryor*
Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email