UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* THOMAS FISCHER, <br><br> Plaintiffs, <br><br> v. <br><br> COMMUNITY HEALTH NETWORK, INC. <br><br> Defendant. | Cause No. 1:14-cv-01215-RLY-MKK |

**UNITED STATES' MOTION FOR LEAVE TO EXCUSE ATTENDANCE OF DOJ REPRESENTATIVE WITH FULL SETTLEMENT AUTHORITY <u>AT SETTLEMENT CONFERENCE</u>**

The United States of America respectfully requests that the Court excuse the in-person attendance of a Department of Justice ("DOJ") representative with full settlement authority from the settlement conference scheduled for August 15, 2023. The undersigned counsel have conferred with counsel for the Defendant and they consent to this motion. In support of this motion, the Government states as follows:

1. Pursuant to the Court's Minute Order dated January 20, 2023, this case is scheduled for a settlement conference on August 15, 2023. Dkt. No. 488. The Court's Order states that each party "must have a fully authorized settlement representative present at the conference . . . . [and] [t]hat representative must have final settlement authority to commit the company to pay, in the representative's own discretion, the amount of plaintiff's most recent demand, or in the case of the representative of an insurance company that is not a party, the total amount within any policy

limits, if such amount is lower than the plaintiff's most recent demand; such representative may not be counsel of record for a party in the matter."[1] *Id.*

2. The Order also instructs the Plaintiff to serve a settlement demand on the Defendant sixty days before the settlement conference; and that the Defendant serve a good faith response to the Plaintiff no later than forty-five days before the settlement conference. Dkt. No. 488 at 4. Those dates have not lapsed and neither party has yet exchanged a settlement demand or offer.

3. The Assistant Attorney General has authority to compromise a case on behalf of the Attorney General where the difference between the gross amount of the original claim and the settlement amount does not exceed $10 million or 15% of the original claim, whichever is greater. 28 C.F.R. § 0.160. Where the compromise would exceed this authority, the Associate Attorney General may exercise the settlement authority of the Attorney General. 28 C.F.R. § 0.161.

4. Based on prior settlement negotiations, the United States believes it may be possible that to the extent the Court's Order requires that a "fully authorized settlement representative [be] present at the conference" the Order may require the attendance of the Assistant Attorney General or the Associate Attorney General.

5. To maintain effective administration of the DOJ, neither the Assistant Attorney General nor the Associate Attorney General appear, as a matter of course, at the hundreds or thousands of settlement conferences scheduled each year in cases being handled by the

---

[1] The United States acknowledges that the Court's Order also requires that any requests to excuse or alter the settlement conference attendance must be filed within 7 days of the Order. As explained further in the Motion, it is unclear whether the Court's Order will require the attendance of the high-ranking DOJ officials seeking to be excused, as this depends in part on the settlement position the Defendant takes, but the United States is filing this Motion out of an abundance of caution. Moreover, the Motion is being filed nearly two and a half months before the settlement conference and, as discussed above, will not prejudice the Defendant or the proceedings. Accordingly, the United States respectfully requests that the Court accept and grant its Motion.

Department. Rather, these officials rely upon the recommendations of attorneys in the Civil Division of DOJ, and their Assistant Directors and Directors. This approach has worked well in the Southern District of Indiana for years. It meets the Court's need for a mechanism to forge agreements while accommodating the Executive Branch's need for centralized decision-making. *See Bockting v. United States*, Case No. 3:10-cv-00010-RLY-WGH, Dkt. No. 66 (granting motion to waive requirement that client representative with full authority attend settlement conference in person); *United States ex rel. Tracy Conroy v. Select Medical Corp., et al.*, Case No. 3:12-cv-00051-RLY-DM, Dkt. Nos. 255, 263, 265 (evincing successful settlement of *qui tam* where settlement was reached in principle and approved by DOJ).

6. In this case, the United States proposes to be represented at the settlement conference by DOJ Civil Fraud Section Attorneys Arthur Di Dio and Kelly McAuliffe; USAO Civil Chief Shelese Woods; and HHS-OIG Special Agent Andrew Ratcliff. In addition, David Wiseman, Assistant Director of the Civil Fraud Section and the supervisor of this matter, and Jamie Yavelberg, the Director of the Civil Fraud Section, will be available by telephone should we need to communicate with them regarding settlement discussions. An agency representative from the Department of Health and Human Services who is familiar with this case will also be available by telephone.

7. This arrangement is consistent with the Advisory Committee Notice to the 1993 Amendments to Federal Rule of Civil Procedure 16, which acknowledges that "[p]articularly in litigation in which governmental agencies or large amounts of money are involved, there may be no one with on-the-spot settlement authority, and the most that should be expected is access to a person who would have a major role in submitting a recommendation to the body or board with ultimate decision-making responsibility." Here, the attorneys attending the settlement conference

on August 15th have primary responsibility for negotiating and litigating this case and have a major role in submitting a recommendation to the official who has the ultimate authority to approve any settlement. Ultimately, a decision is made following consideration of the views not only of the Civil Division, but also of the United States Attorney's Office and the client agency.

8. The arrangement is also consistent with the Judicial Improvements Act of 1990, 28 U.S.C. § 472. The Judicial Improvements Act authorizes the district court, in formulating civil justice expense and delay reduction plans, to require "that, upon notice by the court, representatives of the parties with authority to bind them in settlement discussions be present or available by telephone during any settlement conference." 28 U.S.C. § 473(b)(5). Congress, however, specifically limited this authority to take into account the special circumstances of the Attorney General. The Act further provides that "[n]othing in a civil justice expense and delay reduction plan relating to the settlement authority provisions of this section shall alter or conflict with the authority of the Attorney General to conduct litigation on behalf of the United States, or any delegation of the Attorney General." 28 U.S.C. § 473(c). This provision is further explained in the Senate Report on the Judicial Improvements Act:

> [T]hose district courts that choose to [require the participation of representatives with full settlement authority] should account for the unique situation of the Department of Justice. The Department does not delegate broad settlement authority to all trial counsel, but instead reserves that authority to senior officials in the United States Attorneys' Offices or in the litigating divisions in Washington. Clearly, the Department cannot realistically send officials with full settlement authority to each settlement conference.

S. Rep. No. 101-416, at 58 (1990), *as reprinted in* 1990 U.S.C.C.A.N. 6802, 6848.

9. The absence of on-the-spot authority to accept a settlement offer and bind the Department will not impair the settlement process. Although the attorneys attending the

4

conference do not have such authority, the Civil Fraud Section attorneys and the USAO Civil Chief will make every effort to ensure prompt consideration of any settlement proposal.

Based on the foregoing, the United States respectfully requests that the Court waive the requirement that a representative of the United States with actual authority to approve a settlement attend the settlement conference in person.

Dated:  June 6, 2023                                      Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

ZACHARY A. MYERS
United States Attorney

*/s/ Kelly Quinn McAuliffe*
Jamie Ann Yavelberg
David B. Wiseman
Arthur S. Di Dio
Kelly Quinn McAuliffe
Joanna G. Persio
Claire M. Horrell
Attorneys, Civil Division
U.S. Department of Justice
101 W. Main Street, Suite 8000
Norfolk, VA 23510
(202) 616-5578
Arthur.Di.Dio@usdoj.gov
Kelly.Q.McAuliffe@usdoj.gov
Joanna.G.Persio@usdoj.gov
Claire.Horrell@usdoj.gov

*/s/ Shelese Woods*
Shelese Woods
Justin Olson
Assistant United States Attorneys
Office of the United States Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

        (317) 226-6333
Shelese.Woods@usdoj.gov
Justin.Olson2@usdoj.gov

*Attorneys for the United States*

**CERTIFICATE OF SERVICE**

On June 6, 2023, I caused a true and accurate copy of the foregoing to be filed using the Court's CM/ECF system, which will send an electronic filing notice to all counsel of record.

                                                    */s/ Claire M. Horrell*
                                                   Trial Attorney