UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, and THE STATE OF INDIANA, ex rel. THOMAS P. FISCHER,<br><br>                      Plaintiffs,<br><br>    v.<br><br>COMMUNITY HEALTH NETWORK, INC., *et al.*<br>                      Defendants. | Case No. 1:14-CV-1215-RLY-MKK |

**COMMUNITY DEFENDANT'S RESPONSE TO THE STATE OF INDIANA'S MOTION FOR LEAVE TO INTERVENE IN RELATOR'S MEDICAID CLAIMS**

The Community Defendants[1] ("Community") file their response to the State of Indiana's Motion for Leave to Intervene in Relator's Medicaid Claims [Dkt. 728].

**1. Introduction**

On July 21, 2014, Relator filed his original complaint asserting claims on behalf of the United States and the State of Indiana under the federal False Claims Act ("FCA") and the Indiana False Claims Act (the "IFCA"), respectively.[2] Almost a decade later, and more than four years

---

[1] "Defendants" or "Community" refer collectively to the named defendants remaining in this action, including: Community Health Network, Inc.; Community Physicians of Indiana, Inc.; Visionary Enterprises, Inc.; North Campus Surgery Center, LLC d/b/a Community Surgery Center North; South Campus Surgery Center, LLC d/b/a Community Surgery Center South; East Campus Surgery Center, LLC d/b/a Community Surgery Center East; Hamilton Surgery Center, LLC d/b/a Community Surgery Center Hamilton; Howard Community Surgery Center, LLC d/b/a Community Surgery Center Kokomo; Northwest Surgery Center, LLC d/b/a Community Surgery Center Northwest; Hancock Surgery Center, Indianapolis Endoscopy Center, LLP d/b/a Community Endoscopy Center; Community Endoscopy Center, LLC d/b/a Community Digestive Center –Anderson; and North Campus Office Associates, L.P

[2] While the State seeks to intervene "[p]ursuant to the Indiana Medicaid False Claims and Whistleblower Protection Act (the "IMFCA")," the State acknowledges that "Relator brought this action under the qui tam provisions of the IFCA, Ind. Code §5-11-5.5-4, and not under the qui tam provision of the IMFCA, Ind. Code §5-11-5.7-4…."

after its election to decline to intervene in this litigation, the State now seeks leave of Court to intervene in Relator's Medicaid Claims.

The State contends that "good cause" exists for its admittedly late intervention and argues that (1) its predominant interest is in prosecuting the State's Medicaid claims that were not resolved by the recent federal settlement; (2) the Stark law applies to the State's Medicaid claims; (3) its intervention in the case will facilitate settlement of the action; and (4) its intervention will not unduly prejudice defendants. As to the last point, the State contends that (a) the issues will be litigated whether or not the State intervenes; (b) it intends to adopt the Relator's Second Amended Complaint with few amendments; (c) it does not anticipate adding any additional defendants or new claims; (d) it does not anticipate seeking amendments to the current case management plan solely based on its intervention; and (e) it does not plan on serving its own discovery.

On January 23, 2024, the Court set a hearing to consider the State's motion. [Dkt. 734]. As set forth herein, a hearing on the State's motion is warranted, so that the bases for the State's request for relief at this late juncture can be further developed and understood.

**2. The Need for Further Inquiry**

Much of the State's motion focuses on the recent Supreme Court decision in *United States ex rel. Polansky v. Executive Health Resources, Inc.*, 599 U.S. 419 (2023). That case addressed the government's authority to dismiss an FCA complaint without intervening, concluding that intervention was required before a government dismissal over the relator's objection. The State argues that *Polansky* supports its late intervention based on the Supreme Court's observation that seal-period intervention is not determinative and that the FCA enables the government, "in the protection of its own interests, to reassess qui tam actions and change its mind." *Polansky*, 599 U.S. at 435. However, *Polansky* addressed the question of late intervention and the related good

2

cause standard in the context of the government's decision to dismiss the underlying *qui tam* action. The State has articulated no such intent in its motion, and, as a result, *Polansky* does not guide the Court's consideration of whether good cause exists here.

The federal cases addressing good cause for late intervention where litigation is ongoing generally focus on whether the government has developed additional evidence during its continued investigation that warrants a change in its intervention position. *See, e.g., United States ex rel. Odom v. Southeast Eye Specialists, PLLC*, 2021 WL 790889 (M.D. Tenn. Feb. 24, 2021) (denying government motion to intervene and vacating Report and Recommendation permitting intervention based on new evidence); *United States ex rel. Hall v. Schwartzman,* 887 F. Supp. 60, 62-63 (E.D.N.Y. 1995) (finding good cause where the Government pointed to the discovery of new and significant evidence); *United States ex rel. Baklid-Kunz v. Halifax Hosp. Med. Ctr.*, 2011 WL 4480846, at *1 (M.D. Fla. Sept. 27, 2011) (allowing intervention after the Government provided new information based on its continuing investigation); *but see United States ex rel. Cutler v. Cigna Corp.*, 2022 WL 3051010 (M.D. Tenn. Aug. 2, 2022) (post-declination discovery of new evidence while relevant to good cause is not a requirement for showing good cause).

Based on the State's motion, it does not appear that new or additional evidence supports its motion for leave to intervene. The State points to *Cutler*, which found that newly developed evidence is not a prerequisite to late intervention, arguing its other grounds for intervention provide sufficient good cause. Concerning these other grounds, however, the State's motion raises as many questions as it answers.

For example, the State provides little detail for its suggestion that its intervention "will facilitate settlement" in this case. It does not attempt to explain why intervention in the litigation is necessary, compared to intervening only for settlement purposes. To be clear, if the State can

3

articulate a method to assist in resolving this case, it is likely to be welcomed by all parties. But the motion on its face provides no insight into how it will accomplish that goal.

Similarly, the State asserts that Community will not be unduly prejudiced by its late intervention based on its representation that it will maintain a limited role in the litigation that will not involve filing a new complaint, adding additional defendants or claims, seeking amendments to the case management plan, or serving its own discovery. Here, the details matter. For example, what "few amendments" to the Relator's Second Amended Complaint is the State contemplating? *See* State's Motion at 4. While the State does "not anticipate that it will seek amendments to the current case management plan **solely on the basis of its intervention**," under what circumstances might it seek such amendments? *Id.* The upcoming hearing will allow the Court and the parties to learn more about the State's plans to participate in the litigation.

### 3. Conclusion

The State may be able to show "good cause" for its intervention decision, but in addressing the good cause balancing test, the State's motion leaves many questions unanswered. The upcoming hearing should provide an opportunity to address those questions and better understand the State's unprecedented decision to seek to intervene now after years of sitting on the sidelines. Community reserves the right to raise additional arguments when additional information regarding the State's position comes to light.

Dated: February 5, 2024                    Respectfully submitted,

*/s/ Marc T. Quigley*
Marc T. Quigley, Atty. No. 21054-53
Blake P. Holler, Atty. No. 30676-84
Krieg DeVault LLP
12800 North Meridian Street, Suite 300
Carmel, Indiana  46032
Telephone:  (317) 566-1110
Facsimile:  (317) 636-1507

mquigley@kdlegal.com
bholler@kdlegal.com

Thomas J. Costakis, Atty. No. 4314-49
Libby Yin Goodknight, Atty. No. 20880-49
Krieg DeVault LLP
One Indiana Square, Suite 2800
Indianapolis, Indiana  46204
Telephone:  (317) 636-4341
Facsimile:   (317) 636-1507
tcostakis@kdlegal.com
lgoodknight@kdlegal.com

*/s/ Richard W. Westling*
George B. Breen, *pro hac vice*
Richard W. Westling, *pro hac vice*
Erica Sibley Bahnsen, *pro hac vice*
Elizabeth A. Harris, *pro hac vice*
Daniel C. Fundakowski, *pro hac vice*
Eleanor T. Chung, *pro hac vice*
Epstein Becker Green
1227 25th Street, NW, Suite 700
Washington, DC  20037
Telephone: (202) 861-1823
Facsimile:  (202) 861-3523
GBreen@ebglaw.com
RWestling@ebglaw.com
ESibley@ebglaw.com
EHarris@ebglaw.com
DFundakowski@ebglaw.com
EChung@ebglaw.com

*Attorneys for Community Defendants*