UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, and the STATE OF INDIANA, and *ex rel.* THOMAS P. FISCHER,<br><br>          Plaintiffs,<br><br>vs.<br><br>COMMUNITY HEALTH NETWORK, INC., *et al.*<br><br>          Defendants. | **Case No.: 1:14-cv-1215-RLY-MKK** |

**RELATOR THOMAS P. FISCHER'S RESPONSE IN OPPOSITION TO
THE STATE OF INDIANA'S MOTION FOR LEAVE TO
INTERVENE IN RELATOR'S MEDICAID CLAIMS [Dkt. 728]**

Relator Thomas P. Fischer, by counsel, respectfully submits his Response in Opposition to the State of Indiana's Motion for Leave to Intervene in Relator's Medicaid Claims [Dkt. 728].

**I.      Procedural Background.**

Relator filed his original Complaint nearly a decade ago, on July 21, 2014, bringing claims on behalf of both the United States and the State of Indiana. [Dkt. 1]. The United States filed its Notice of Election to Intervene in Part and to Decline to Intervene in Part on August 7, 2019. [Dkt. 86]. The United States intervened only on the allegations that Defendant Community Health Network, Inc. violated the FCA by submitting claims to Medicare that were referred by physicians with whom CHN had employment relationships that violated the Stark Law. *Id.* The United States declined to intervene in any Medicaid[1] claims. The State of Indiana filed its Notice of Election to

---

[1] Medicaid is a public assistance program providing for payment of medical expenses for low-income and disabled patients. Medicare funding is shared between the Federal Government and those states participating in the program, including Indiana.

1

Decline Intervention on December 5, 2019, notifying the Court of its decision not to intervene pursuant to the Indiana Medicaid False Claims and Whistleblower Protection Act (the IFCA), Ind. Code § 5-11-5.7-1 *et seq.*[2] [Dkt. 92]. The seal of the case was lifted on December 23, 2019. [Dkts. 93, 94]. Relator filed a Second Amended Complaint on December 2, 2020, alleging violations of the False Claims Act, 31 U.S.C. §§ 3729-3733, as amended, Pub. L. 99-562, 100 Stat. 3153 (1986), the Anti-Kickback Statute, 41 U.S.C. § 1320a-7b, the Stark Law, 42 U.S.C. § 1395nn, and Indiana's IFCA (Ind. Code §§ 5-11-5.5-1 *et seq*). [Dkt. 134].

Since that time, Relator, Defendants, and the United States actively participated in over four years of discovery, motions practice (including briefing on motions to dismiss), and extensive settlement negotiations, while the State of Indiana monitored as an interested, but non-participating party. On December 20, 2023, the United States, Relator, and Defendant Community Health Network, Inc. ("CHN") filed a Joint Notice of Settlement resolving the intervened claims. [Dkt. 709]. On January 22, 2024, the State of Indiana filed its Motion for Leave to Intervene in Relator's Medicaid Claims. [Dkt. 728]. The State of Indiana asserts that good cause exists for it to intervene for four purported reasons:

1. Indiana has a predominate interest in prosecuting the State's Medicaid claims;

2. Indiana believes that a violation of the Stark Law leads to Indiana False Claims Act liability in connection with Medicaid claims, both as to the physicians at issue in the Intervened claims settled on December 20, 2023, and as to the physicians covered by the Relator's Second Amended Complaint;

3. Indiana believes that its intervention will facilitate settlement in a more timely manner; and

4. Indiana asserts that Defendants will not be unduly prejudiced by the intervention.

---

[2] In its declaration notice, Indiana cited the new version of the IFCA, Ind. Code § 5-11-5.7-1 *et seq.*, which became effective on July 1, 2014.

[Dkt. 728 at 3-4 (State's Motion)]. The Community Defendants filed an initial Response on February 5, 2024. [Dkt. 744]. This Court held a hearing on the State of Indiana's Motion on February 16, 2024. [Dkt. 763 (2/16/24 Hrg. Tr.)]. In light of new information presented by the State of Indiana during oral argument at that hearing, the Court provided leave to Relator to file a response, and to Defendants to supplement their response. [Dkt. 761].

## II.     Argument.

Because of the new stances taken by the State during oral argument, Relator opposes the State of Indiana's Motion for Leave to Intervene in Relator's Medicaid Claims [Dkt. 728].

### A.     Settlement.

The State believes that it would have "primarily a settlement role" if it intervenes, but does not want to limit its intervention to the purposes of settlement only, and wants to "have some control over what is going on." [Dkt. 763 (2/16/24 Hrg. Tr. 23:13-24:2, 24:15-25:1)]. When asked how the State's intervention at this stage might facilitate settlement, Indiana stated:

> Number one, the State has a different viewpoint as to the objective of a settlement. Our viewpoint is that we want to have a fair, adequate, and reasonable, under the circumstances, settlement, and we don't necessarily want to maximize the extraction of money from the Defendant.
>
> The other reason is that being part of these discussions, instead of being presented with a settlement and then saying yea or nay over it, makes it happen a little bit faster.

[Dkt. 763 (2/16/24 Hrg. Tr. 12:2-13)]. As such, the State appears to contend that its intervention is necessary for two primary reasons: (1) to ensure the state has an adequate role in assessing that any settlement is "fair, adequate and reasonable;" and (2) because the State is in a position to better negotiate the settlement than Relator. Relator disputes both of these points.

First, Relator's counsel has both the expertise in qui tam, and especially the knowledge of the claims at issue in this particular litigation, to successfully litigate and negotiate with defendants

to reach a fair, adequate and reasonable settlement. Relator's counsel have, collectively over 60 years litigating and negotiating qui tam cases, including significant experience with cases involving violations of the Stark Law and Anti-Kickback Statute. Moreover, Relator's counsel have been directly involved in this case since its inception, and have aggressively and actively litigated this very case since it was unsealed more than four years ago.

To the extent the State is concerned that Relator may not aggressively pursue full vindication for Indiana patients and the Indiana fisc, the State need not intervene to do so. The applicable statute already requires that any settlement be fair, adequate, and reasonable. Ind. Code § 5-11-5.5-5(c) ("The attorney general or the inspector general may settle the action if a court determines, after a hearing, that the proposed settlement is fair, adequate, and reasonable in light of the circumstances.") That statutory requirement exists separate and apart from the State's potential intervention. *Id.* And, the State will retain a "yea" or "nay" on any settlement without intervention for which it has a say. [Dkt. 763 (2/16/24 Hrg. Tr. 12:2-13)].

Second, the State asserted that they "don't necessarily want to maximize the extraction of money from the Defendant." It is not clear exactly what the State's concern is in that regard. Perhaps, the State is concerned that Relator, in negotiating with defendants, might refuse to accept a fair, adequate and reasonable settlement on the Indiana-related damages. But, to be clear, the State has not expressed such a concern. Moreover, it seems unlikely they would, given the state of the negotiations thus far and the fact that there is no offer on the table, let alone one that allocates any specific dollars to Indiana such that it could be in a position to object. As the Court is aware, Relator has been in on again and off again settlement negotiations with the defense since August. Indiana has not yet participated in any of these. Therefore, any potential concern about settlement is both theoretical and premature.

Third, with all due respect to both the legal expertise of the State and its obvious interest in looking out for the citizens and fisc of Indiana, at this stage of this particular litigation, the State does not have the knowledge of or background in the facts and specific legal theories involved in this particular case for it to be more effective in settlement negotiations than Relator's counsel. While the State has been in a declined posture for the past four years of litigation, they have not participated in the following:

- **Settlement Negotiations.** Relator, the Federal government, and Defendants have engaged in extensive formal and informal settlement sessions, some with the aid of Magistrate Judge Klump and others counsel-to-counsel, including four recent in-person meetings. Indiana has not participated.

- **Witness Depositions.** Relator, the United States and Defendants have participated in several witness depositions including Karen Ann Lloyd, David Matyas, Wayne Pack, Jane Callahan, Jim Rohan, Renee Stolis, David Charles, Nancy Butler, Rick Copple [Dkt. 763 (2/16/24 Hrg. Tr. 41:20-42:23)]. The State did not participate, and  "would have to check" on whether they have obtained the transcripts of any depositions already taken in the case. [Dkt. 763 (2/16/24 Hrg. Tr. 43:5-7)].

- **Document Review.** More than 1.2 million documents have been produced in discovery [Dkt. 763 (2/16/24 Hrg. Tr. 41:7-19)]. The State has not devoted any time or resources to reviewing the 1.2 million documents that have been produced in this case – even in the time since they filed their Motion to Intervene. [Dkt. 763 (2/16/24 Hrg. Tr. 13:4-9)].

- **Discovery Regarding Damages and Key Factual Issues.** Relator and Defendants have engaged in literally scores of meet and confer meetings to outline, refine and respond to discovery requests to provide the factual basis for expert reports regarding issue key to litigating both liability and damages issues, especially Fair Market Value and the factual predicates for Stark and Anti-Kickback Statute liability. The State has never been involved in these meetings or processes.

If the State intervenes, "the attorney general . . . is responsible for prosecuting the action and is not bound by an act of the person who initially filed the complaint." Ind. Code § 5-11-5.5-5(a). The State now argues that it should not only take on the "primary seat" at the settlement negotiation table, but also take more "control" over the case, when the State has not, as yet, done,

and is unlikely, in the time available, to have the time to do the significant work required to prepare for such an important role in such a large, complex and mature case.

Finally, it remains unclear what, if any, benefit would result from the State taking a primary seat in the settlement negotiations when the State's intervention would be limited to State Medicaid claims (which is admittedly only a very small percentage of the total case), and the State admits that it has no power or authority to intervene in or facilitate settlement of the declined Federal claims. [Dkt. 763 (2/16/24 Hrg. Tr. 20:16-23)]. Relator and Defendant agree that even if the State Medicaid claims were settled, the bulk of the claims would still be left to be resolved. [Dkt. 763 (2/16/24 Hrg. Tr. 19:15-23)].

### B. Amendments to the Complaint.

Indiana asserts that it intends to adopt portions of Relator's complaint "with few amendments." [Dkt. 728 at 4]. Relator's Second Amended Complaint currently asserts claims under Ind. Code § 5-11-5.5-1 *et seq.* [Dkt. 134 (2d Amend Compl., Counts II and IV)]. At the hearing, Indiana stated that it seeks to add reference to Ind. Code § 5-11-5.7-1 *et seq.*, which became effective on July 1, 2014. [Dkt. 763 (2/16/24 Hrg. Tr. 12:2-13)]. Indiana also asserts that "the State firmly believes that the Stark law applies to the State's Medicaid claims." [Dkt. 728 at 3 (Indiana's Motion)]. Indiana believes its amendment would "put in that linkage" between the Stark Law and Indiana's Medicaid statute. [Dkt. 763 (2/16/24 Hrg. Tr. 15:18-25)].

As counsel for Defendants pointed out at the hearing, the statute currently pleaded in Relator's Second Amended Complaint does not apply to Medicaid claims submitted after June 30, 2014, and the State's contemplated amendment would potentially open the case up to include claims made after that time, which could substantially alter the scope of the lawsuit. [Dkt. 763 (2/16/24 Hrg. Tr. 16:9-21)]. If the State were (1) granted leave to intervene; and (2) granted leave

to amend, Relator would fully expect Defendants to file a motion to dismiss challenging, *inter alia,* issues related to relation back, the intersection of the Stark Law and the Medicaid statute, and the applicability of the December settlement of the Intervened Claims to any pending or remaining Indiana False Claims Act claims. Needless to say, such motions practice could very well further delay final resolution of this case by several months or more. Relator would also expect Defendants to serve discovery on the State. While the State is apparently unconcerned about additional delays in a case which is soon to "celebrate" its tenth anniversary on the docket, Relator would suffer significant prejudice. The State's limited intervention would slow down the entire case, even though the State would have no interest in or control over the non-intervened Federal or employment claims, which are the vast majority of the claims at issue here.

Judicial economy also weighs strongly against belated intervention of the kind expressed at the hearing. After nearly a decade, this case is just months away from the close of discovery. The Court, Relator, and Defendants have invested significant time and resources in advancing the case to its current status, while Indiana remained in a non-participating, declined posture. To permit Indiana to intervene at this late hour to take control, when Relator and Defendants are simultaneously engaged in serious settlement negotiations and gearing up for trial, would significantly disrupt that progress and could extend the life of this already old case for possibly several more years.

### III.   Conclusion.

Indiana has not made the requisite showing of "good cause" to permit the attorney general to reverse course and intervene following its Notice of Election to Decline Intervention on December 5, 2019. [Dkt. 92]. Indiana's late intervention would not facilitate settlement of this

case, and would inevitably cause significant delays that would unduly prejudice Relator, he therefore must object to this type of intervention at this time.

WHEREFORE, Relator respectfully requests that the Court Deny the State of Indiana's Motion for Leave to Intervene in Relator's Medicaid Claims [Dkt. 728].

Dated: March 22, 2024                      Respectfully submitted,

                                           /s/
                                           _____
                                           Kathleen A. DeLaney (#18604-49)
                                           Annavieve Conklin (#33875-32)
                                           DELANEY & DELANEY LLC
                                           3646 N. Washington Blvd.
                                           Indianapolis, IN 46205
                                           Tel. 317.920.0400
                                           Fax  317.920.0404
                                           kathleen@delaneylaw.net
                                           aconklin@delaneylaw.net

                                           Michael S. Smith (*pro hac*)
                                           Timothy P. McCormack (*pro hac*)
                                           Elizabeth F. Quinby (*pro hac*)
                                           Michael D. Hanify (*pro hac*)
                                           PRETI, FLAHERTY, BELIVEAU & PACHIOS, LLP
                                           One City Center, P.O. Box 9546
                                           Portland, ME 04112-9546
                                           msmith@preti.com
                                           tmccormack@preti.com
                                           equinby@preti.com
                                           mhanify@preti.com

                                           Veronica B. Nannis (*pro hac*)
                                           Jay P. Holland (*pro hac*)
                                           Steve M. Pavsner (*pro hac*)
                                           Virginia Grimm (*pro hac*)
                                           JOSEPH, GREENWALD & LAAKE, P.A.
                                           6404 Ivy Lane, Suite 400
                                           Greenbelt, MD 20770
                                           Tel: (301) 220-2200
                                           Fax: (301) 220-1214
                                           jholland@jgllaw.com
                                           vnannis@jgllaw.com
                                           vgrimm@jgllaw.com

8

Bruce D. Greenberg (*pro hac*)
Steven J. Greenfogel (*pro hac*)
Anthony Zatkos (*pro hac*)
LITE DEPALMA GREENBERG &  AFANDOR, LLC
1515 Market Street- Suite 1200
Philadelphia, PA 19102
Telephone (215) 854-4060
Facsimile (973)623-0858
bgreenberg@litedepalma.com
sgreenfogel@litedepalma.com
azatkos@litedepalma.com

*Attorneys for Relator Thomas P. Fischer*

## CERTIFICATE OF SERVICE

On March 22, 2024, I caused a true and accurate copy of the forgoing to be filed using the

Court's CM/ECF system, which will send an electronic filing notice to all counsel of record:

*Marc T. Quigley*
Marc T. Quigley, Atty. No. 21054-53
Blake P. Holler, Atty. No. 30676-84
Krieg DeVault LLP
12800 North Meridian Street, Suite 300
Carmel, Indiana 46032
Telephone: (317) 566-1110
Facsimile: (317) 636-1507 mquigley@kdlegal.com
bholler@kdlegal.com

Thomas J. Costakis, Atty. No. 4314-49
Libby Yin Goodknight, Atty. No. 20880-49 Krieg DeVault LLP
One Indiana Square, Suite 2800
Indianapolis, Indiana 46204
Telephone: (317) 636-4341
Facsimile: (317) 636-1507
tcostakis@kdlegal.com
lgoodknight@kdlegal.com

*Richard W. Westling*
George B. Breen, *pro hac vice*
Richard W. Westling, *pro hac vice*
Erica Sibley Bahnsen, *pro hac vice*
Elizabeth A. Harris, *pro hac vice*
Daniel C. Fundakowski, *pro hac vice*
Epstein Becker & Green, P.C.

1227 25th Street, NW, Suite 700
Washington, DC 20037
Telephone: (202) 861-1823
Facsimile: (202) 861-3523
GBreen@ebglaw.com
RWestling@ebglaw.com
ESibley@ebglaw.com
EHarris@ebglaw.com
DFundakowski@ebglaw.com
*Attorneys for Defendants*


Claire M. Horrell
Jamie Ann Yavelberg
David B. Wiseman
Arthur S. Di Dio
Kelly Quinn McAuliffe
Claire Horrell
Attorneys, Civil Division
U.S. Department of Justice
175 N Street NE
Washington, DC 20002
(202) 305-3250
Arthur.Di.Dio@usdoj.gov
Kelly.Q.McAuliffe@usdoj.gov
Claire.Horrell@usdoj.gov

Shelese Woods
Justin Olson
Assistant United States Attorneys
Office of the United States Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204
(317) 226-6333
Shelese.Woods@usdoj.gov
Justin.Olson2@usdoj.gov


*Attorneys for the United States of America*


Respectfully submitted,

/s/
_____
Kathleen A. DeLaney (#18604-49)
Annavieve Conklin (#33875-32)
DELANEY & DELANEY LLC
3646 N. Washington Blvd.

Indianapolis, IN 46205
Tel. 317.920.0400
Fax  317.920.0404
kathleen@delaneylaw.net
aconklin@delaneylaw.net

Michael S. Smith (*pro hac*)
Timothy P. McCormack (*pro hac*)
Elizabeth F. Quinby (*pro hac*)
Michael D. Hanify (*pro hac*)
PRETI, FLAHERTY, BELIVEAU & PACHIOS, LLP
One City Center, P.O. Box 9546
Portland, ME 04112-9546
msmith@preti.com
tmccormack@preti.com
equinby@preti.com
mhanify@preti.com

Veronica B. Nannis (*pro hac*)
Jay P. Holland (*pro hac*)
Steve M. Pavsner (*pro hac*)
Virginia Grimm (*pro hac*)
JOSEPH, GREENWALD & LAAKE, P.A.
6404 Ivy Lane, Suite 400
Greenbelt, MD 20770
Tel: (301) 220-2200
Fax: (301) 220-1214
jholland@jgllaw.com
vnannis@jgllaw.com
vgrimm@jgllaw.com

Bruce D. Greenberg (*pro hac*)
Steven J. Greenfogel (*pro hac*)
Anthony Zatkos (*pro hac*)
LITE DEPALMA GREENBERG &  AFANDOR, LLC
1515 Market Street- Suite 1200
Philadelphia, PA 19102
Telephone (215) 854-4060
Facsimile (973)623-0858
bgreenberg@litedepalma.com
sgreenfogel@litedepalma.com
azatkos@litedepalma.com

*Attorneys for Relator Thomas P. Fischer*

11